**SPRINGFIELD TOWNSHIP BOARD OF TRUSTEES, Appellant,**

v.

**STATE EMPLOYMENT RELATIONS BOARD et al., Appellees.**

[Cite as *Springfield Twp. Bd. of Trustees v. State Emp.
Relations Bd.* (1990), 70 Ohio App.3d 801.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890735.

Decided Dec. 26, 1990.

*Sirkin, Pinales, Mezibov & Schwartz, H. Louis Sirkin* and *Edmund J. McKenna,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Robert E. Ashton,* for appellee State Employment Relations Board.

*Deborah Bukovan,* for appellee Fraternal Order of Police, Ohio Labor Council, Inc.

*Per Curiam.*

Appellant Springfield Township Board of Trustees ("Trustees") has taken the instant appeal from the judgment of the Hamilton County Court of Common Pleas affirming the decision of appellee State Employment Relations Board ("SERB") that the Trustees committed an unfair labor practice in collective-bargaining negotiations with appellee Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP/OLC"). The Trustees present on appeal two assignments of error in which they contend that the judgment of the common pleas court was contrary to law and to the manifest weight of the evidence. We address these contentions together and find them to be without merit.

In October 1986, the FOP/OLC was certified as the exclusive collective-bargaining representative for a unit of uniformed patrol officers employed by the Trustees. In November 1986, the FOP/OLC and the Trustees began collective-bargaining negotiations. The Trustees' bargaining team included the Chief and Assistant Chief of Police for Springfield Township, both of whom were members of Fraternal Order of Police Lodge No. 74 ("Lodge 74").

The presence of the chief and assistant chief of police on the Trustees' bargaining team prompted the FOP/OLC to file an unfair-labor-practice charge with SERB against the Trustees. SERB found probable cause to believe that the Trustees had committed an unfair labor practice and, in January 1988, issued a complaint. A hearing on the charge was held before a SERB hearing officer, and in September 1988, the hearing officer issued a proposed order recommending that the complaint be dismissed.

Exceptions to the hearing officer's proposed order were filed with SERB. SERB found that the presence of the chief and assistant chief of police on the Trustees' bargaining team constituted a violation of R.C. 4117.20(A) and that the Trustees' failure to exclude them from participation in the bargaining process, as mandated by R.C. 4117.20(B), constituted an unfair labor practice in contravention of R.C. 4117.11(A)(1) and (A)(5). SERB thus rejected the hearing officer's proposed order and instead ordered the Trustees "to cease and desist from interfering with the bargaining rights of its employees and from including on its bargaining team individuals who hold memberships violative of O.R.C. 4117.20."

The Trustees appealed SERB's decision to the Hamilton County Common Pleas Court pursuant to R.C. 4117.13(D). The common pleas court affirmed SERB's decision upon its determination that the decision was supported by substantial evidence, and this appeal ensued.

R.C. Chapter 4117 governs collective bargaining between public employers and their employees. R.C. 4117.20, which proscribes conflicts in participation in the collective-bargaining process, provides in relevant part:

"(A) No person who is a member of the same * * * state * * * organization as the employee organization with which the public employer is bargaining * * * shall participate on behalf of the public employer in the collective bargaining process * * *.

"(B) The public employer shall immediately remove from his role, if any, in the collective bargaining negotiations or in any matter in connection with negotiations any person who violates division (A) of this section."

R.C. 4117.11(A) defines "unfair labor practice[s]" by a public employer, providing in relevant part:

"(A) It is an unfair labor practice for a public employer, its agents, or representatives to:

"(1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code * * *;

" * * *

"(5) Refuse to bargain collectively with the representative of his employees recognized as the exclusive representative or certified pursuant to Chapter 4117. of the Revised Code[.]"

The parties agree that both Lodge 74 and the FOP/OLC are affiliated with the Fraternal Order of Police of Ohio, Inc. ("State Lodge"). The Trustees, however, challenge SERB's finding that the presence of the chief and assistant chief of police on the Trustees' bargaining team in collective-bargaining negotiations with the FOP/OLC resulted in the convergence of membership that R.C. 4117.20 proscribes.

The record before us discloses that the membership of the State Lodge consists not of individuals but of subordinate local lodges that operate under charters granted by the State Lodge. Lodge 74 is a multi-departmental local lodge that draws its membership from police departments within Hamilton County, Ohio, including the police department for Springfield Township. Lodge 74 is chartered by the State Lodge and, as a member lodge, it pays annual dues to the State Lodge and elects delegates to the State Lodge's annual conference. Those delegates, in turn, elect State Lodge trustees to manage and direct the State Lodge. Lodge 74 does not function as a collective-bargaining representative for its members.

The Assistant Chief of Police for Springfield Township was, at the time of collective-bargaining negotiations between the Trustees and the FOP/OLC, president of Lodge 74. As such, he functioned as an ex-officio delegate to the State Lodge's annual conference. The chief of police was a past president of Lodge 74 and, in that capacity, he assisted the FOP/OLC in its efforts to

organize employees in other law enforcement departments from which Lodge 74 has drawn its membership.

The FOP/OLC was created by the State Lodge in 1984 to act as a collective-bargaining representative for Fraternal Order of Police units that so elect. The evidence adduced before the SERB hearing officer reveals that the FOP/OLC's affiliation with the State Lodge extends beyond its creation. The State Lodge appoints three of the seven members of the FOP/OLC's executive committee. The FOP/OLC participates in the State Lodge's annual conference. The State Lodge and the FOP/OLC share personnel, and the State Lodge supplies the FOP/OLC with support services and space and provides policy direction and coordination of services. The FOP/OLC also provides a number of discretionary and mandatory reporting and accounting responsibilities to the State Lodge.

The evidence before us thus establishes indisputably that the FOP/OLC is an "employee organization," as defined under R.C. 4117.01(D), and is affiliated with the State Lodge; that the State Lodge is a "state * * * organization" for purposes of R.C. 4117.20(A); that Lodge 74 is a member of the State Lodge; and that the chief and assistant chief of police are members of Lodge 74.

We find, however, that the Trustees, in challenging SERB's decision, mistake the import of R.C. 4117.20. R.C. 4117.20(A) prohibits an individual holding membership in a state organization from participating in the collective-bargaining process on behalf of a public employer in negotiations with an employee organization that holds membership in the same state organization. Therefore, the issue before us is not, as the Trustees posit, whether Lodge 74 or the State Lodge is, for purposes of R.C. 4117.20, the "same * * * organization" as the FOP/OLC, but whether the chief and the assistant chief of police, who participated in negotiations on behalf of the Trustees, and the FOP/OLC, acting as the collective-bargaining representative for the Trustees' employees, are "member[s]" of the "same * * * state * * * organization," *viz.,* the State Lodge.

This broader question breaks down into two issues: (1) whether the FOP/OLC, through its affiliation with the State Lodge, is a "member" of the State Lodge for purposes of R.C. 4117.20; and (2) whether the chief and assistant chief of police, by virtue of their membership in Lodge 74, are "members" of the State Lodge for purposes of R.C. 4117.20. SERB, construing the term "member" liberally, resolved these issues in the affirmative, finding that "the structure and operation of the State Lodge in relation to local lodges and the FOP/OLC give rise to the very merger of information and direction that [R.C. 4117.20] is designed to avoid" and that the memberships of the chief and assistant chief of police in Lodge 74 "give them potential for intimate

involvement with the policies and directions of the State Lodge" and thus "link them to the State Lodge as if they were members." SERB thus concluded that the presence of the chief and assistant chief of police on the Trustees' bargaining team in collective-bargaining negotiations with the FOP/OLC resulted in the convergence of membership that R.C. 4117.20(A) proscribes.

SERB is vested with broad authority to administer and enforce R.C. Chapter 4117 and to interpret its provisions to achieve its purposes. *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. R.C. 4117.22 mandates that R.C. Chapter 4117 "be construed liberally for the accomplishment of the purpose of promoting orderly and constructive relationships between * * * public employers and their employees." Therefore, reviewing courts must accord "due deference" to SERB's interpretation of R.C. Chapter 4117. *Lorain City Bd. of Edn., supra;* see, also, *Cincinnati Metro. Hous. Auth. v. State Emp. Relations Bd.* (1990), 53 Ohio St.3d 221, 560 N.E.2d 179.

A common pleas court, in an appeal from a decision of SERB on an unfair-labor-practice charge, must determine whether the decision is supported by substantial evidence on the record as a whole. R.C. 4117.13(D); *Lorain City Bd. of Edn., supra.* The scope of review upon a subsequent appeal is more closely circumscribed. Regardless of whether an appellate court might have reached a different conclusion than that reached by SERB or the common pleas court, the appellate court may not substitute its judgment for that of SERB or the common pleas court. *Lorain City Bd. of Edn., supra;* see, also, *Cincinnati Metro Hous. Auth., supra.* The function of a court of appeals in reviewing a common pleas court's disposition of an appeal from a SERB decision is thus limited to a determination of whether the common pleas court's disposition was the product of an abuse of discretion. *Cincinnati Metro. Hous. Auth., supra; Lorain City Bd. of Edn., supra.*

Having reviewed the evidence before us, with due deference to SERB's interpretation of the provisions of R.C. Chapter 4117, we cannot say that the common pleas court abused its discretion in affirming SERB's decision. We, therefore, overrule the Trustees' assignments of error and affirm the judgment of the court below.

*Judgment affirmed.*

UTZ, P.J., SHANNON and DOAN, JJ., concur.